UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-24128-SCOLA

ERIC O. SILVIN

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY et al.,

    Defendants.
_____/

## ORDER ON POSSIBLE GROUNDS FOR DISQUALIFICATION OR RECUSAL

THIS MATTER is before the Court *sua sponte*. The Court finds it prudent to inform the parties of a possible basis for recusal. The undersigned and the undersigned's family are insured under auto policies issued by the Defendant GEICO. While the Court does not believe recusal is required under the circumstances here, in an abundance of caution, the parties are directed to meet and confer to consider whether, by virtue of being a policyholder, the Court has a "financial interest" in the subject matter of this litigation, as that term is used in 28 U.S.C. § 455(b)(4) and the Canon 3C(1) of the Code of Conduct for United States Judges.

In considering this question, the parties should consider *Advisory Opinion No. 26* from the 2009 Guide to Judiciary Policy, Vol. 2B, Ch. 2 Page 26-1 Committee on Codes of Conduct, which provides that:

> [W]hen an insurance company is a party, the judge ordinarily need not recuse unless the judge has a financial interest in the company. The judge has a financial interest in the company only if the outcome of the proceeding could substantially affect the value of the judge's interest in the company. This could occur if, as a result of a judgment against the insurance company in the particular case, ***the judge's premiums could be significantly increased or coverage substantially reduced***. . . . .

*See* 2009 Guide to Judiciary Policy, Vol. 2B, Ch. 2 Page 26-1 (emphasis supplied). Thus, the relevant inquiry is whether "the judge's premiums could be significantly increased or coverage substantially reduced," depending on the outcome of this litigation.

If, upon considering this question, any party to this lawsuit believes that the undersigned should recuse himself pursuant to 28 U.S.C. § 455(b), the party should move for such relief by **April 27, 2012**. If the parties believe that the Court does not have a substantial financial interest so as to require recusal, they shall file a Joint Notice so indicating by **April 27, 2012**. If such a Joint Notice is filed, the parties should include whether, pursuant to 28 U.S.C. § 455(e), they agree to waive any potential grounds for disqualification arising under 28 U.S.C. § 455(a).

**DONE and ORDERED** in chambers, at Miami, Florida on April 23, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*