UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-24128-SCOLA

ERIC O. SILVIN

    Plaintiff,

v.

GEICO GENERAL
INSURANCE
COMPANY et al.,

    Defendants.
_____/

## ORDER OF RECUSAL

THIS MATTER is before the Court upon the Motion for Recusal [ECF No. 28], filed by Defendants GEICO General Insurance Co., GEICO Indemnity Co., and GEICO Casualty Co. (together, "GEICO").  For the reasons set forth below, this Motion must be granted.

### Introduction

Following a hearing on GEICO's Motion to Dismiss, the undersigned realized that he and his family are insured under auto policies issued by GEICO that may be substantially similar to the one held by the Plaintiff in this case.  Accordingly, the Court directed the parties to weigh in on whether, by virtue of being a policyholder, the Court has a "financial interest" in the subject matter of this litigation, as that term is used in 28 U.S.C. § 455(b)(4) and the Canon 3C(1) of the Code of Conduct for United States Judges.  In considering this question, the Court asked the parties to consider *Advisory Opinion No. 26* from the 2009 Guide to Judiciary Policy, Vol. 2B, Ch. 2 Page 26-1 Committee on Codes of Conduct, which provides that:

> [W]hen an insurance company is a party, the judge ordinarily need not recuse unless the judge has a financial interest in the company. The judge has a financial interest in the company only if the outcome of the proceeding could substantially affect the value of the judge's interest in the company. This could occur if, as a result of a judgment against the insurance company in the particular case, ***the judge's premiums could be significantly increased or coverage substantially reduced***. . . . .

*See* 2009 Guide to Judiciary Policy, Vol. 2B, Ch. 2 Pg. 26-1 (emphasis supplied).

Now pending before the Court is GEICO's Motion for Recusal. GEICO attaches a declaration to its Motion indicating that the undersigned's policy is identical to the one held by the Plaintiff. J. Seawell Decl. ¶ 5. As such, GEICO argues that the Court must recuse because the undersigned will be required "to construe and interpret an insurance policy form that is the same form under which he has legal rights." Recusal Mot. at 3. According to GEICO, the Court "has a direct 'financial interest' in the subject matter in controversy," pursuant to section 455(b)(4), because "[a] ruling in favor of Plaintiff in this case could substantially increase the level of Comprehensive and Collision coverage required to be provided under the policy form at issue." Recusal Mot. at 3. In other words, GEICO contends that the Court stands to benefit from greater or lesser coverage under the policy, depending on the manner in which the policy language is construed.

## Legal Standard

While recusal under 28 U.S.C. § 455(a) "may be waived by the parties after full disclosure," "section 455(b) is a *per se* rule that lists particular circumstances requiring recusal." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1520 (11th Cir. 1988). "[T]he parties cannot waive a ground for a judge's recusal when that ground is a judge's financial interest in a party to the proceeding." *Emerson Elec. Co. v. General Elec. Co.*, 846 F.2d 1324, 1327 n.4 (11th Cir. 1988). Section 455(b)(4) of the recusal statute requires a judge to disqualify himself when "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

## Legal Analysis

The Court finds recusal is required under section 455(b)(4). As *Advisory Opinion No. 26* makes clear, recusal is not required merely because a judge holds a policy from an insurance company involved in a pending matter. 2009 Guide to Judiciary Policy, Vol. 2B, Ch. 2 Pg. 26-1. Rather, recusal is mandatory "only if the outcome of the proceeding could substantially affect the value of the judge's interest in the company." *Id.* Such circumstances "could occur if, as a result of a judgment against the insurance company in the particular case, ***the judge's premiums could be significantly increased or coverage substantially reduced***." *Id.* (emphasis supplied). Where a judge's interest under an insurance policy is concerned, the relevant inquiry is therefore

whether "the judge's premiums could be significantly increased or coverage substantially reduced," depending on the outcome of the litigation. *Id.*

The undersigned's auto insurance policy is identical to the Plaintiff's in this action. Plaintiff is asking for declaratory and injunctive relief on behalf of himself and a putative class of policyholders regarding GEICO's application of a "betterment" reduction to insurance benefits under the policy. Specifically, Plaintiff alleges that "while the deduction of the deductible amount under the policy is appropriate, the deduction for the 'betterment charge' or 'depreciation charge' is not allowed under the insurance policy. . . when a vehicle is repaired and is therefore unlawful." Compl. ¶ 15.

The Court agrees with GEICO that resolution of Plaintiff's claims in this action puts directly at issue the extent of the undersigned's coverage under the exact same insurance contract. Were the Court to construe the policy in the manner advocated by the Plaintiff, the Court stands to benefit financially. As GEICO states, "a declaration prohibiting the application of betterment adjustments to claims arising under the policy form at issue when a car is repaired will effectively result in an increase in coverage under the policy form." Recusal Mot. at 6. While *Advisory Opinion No. 26*, discussed above, provides that recusal may be triggered where insurance coverage could be substantially reduced by the judge's ruling, it seems even more obvious that recusal must follow where, as here, the judge's coverage could actually be increased by his ruling.[1]

In addition, the Court notes GEICO's argument that a ruling in Plaintiff's favor may result in a premium increase to offset the greater obligations assumed by the insurer under the Court's policy interpretation. Recusal Mot. at 9 n.5. Although the specter of a premium increase is not presently quantifiable, the Court recognizes it as a plausible outcome of a hypothetical ruling in Plaintiff's favor. Under standard principles of insurance, if GEICO did not subjectively intend for its policies to be construed as Plaintiff advocates, and did not actuarially account for that extent of coverage, then premiums will likely rise to meet the demands of the greater extent of coverage. *Cf. Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1364 (11th Cir. 2011) ("Typically, insurers adjust premiums to compensate for known risks assumed

---

[1] The Court, of course, makes no comment on which way the policy language ought to be, or ultimately will be, construed. That is irrelevant to the Court's analysis here, and it will be properly left for the judge to whom this matter is reassigned.

under [the insurance] coverage."); *Float-Away Door Co. v. Cont'l Cas. Co.*, 372 F.2d 701, 705 (5th Cir. 1966) ("An insured gets the coverage he pays for, and, if the coverage is to be increased beyond that which he needs or for which the policy provides, the premiums will necessarily be increased.") (citation omitted).

## Conclusion

Upon due consideration, the Court concludes, for the reasons explained above, that recusal is required under section 455(b). Accordingly, it is hereby **ORDERED and ADJUDGED** that GEICO's Motion for Recusal is **GRANTED**. The undersigned recuses himself from this case and "refer[s] the matter to the Clerk of the Court for permanent reassignment to another Judge in accordance with the blind random assignment system," pursuant to this District's Internal Operating Procedures, IOP 2.16.00.

**DONE and ORDERED** in chambers, at Miami, Florida on April 30, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*